GEORGE T. CHAMBERLAIN, APPELLANT, vs. JOHN T. LESLEY, APPELLEE.

1. It is the duty of counsel for appellee or defendant in error to file in this court a brief, maintaining the correctness of the proceedings and judgment of the trial court.

2. Where written instruments do not purport to contain the entire agreement between the parties thereto, nor to have been intended as a complete statement or performance of the whole contract, and such papers were executed in pursuance of a parol agreement and in part performance thereof, parol evidence of the verbal agreement is admissible in all cases where such evidence is consistent with, and not contrary to, such written instruments.

3. An action of assumpsit for money paid is maintainable in all cases where the plaintiff has paid money to a third party at the request, express or implied, of the defendant, with an understanding, express or implied, on his part to repay it.

4. Where one person has paid money in discharge of a liability which he has taken upon himself at defendant's request, or by his authority, such payment will in law be one made at defendant's request and to his use.

5. In the absence of an express agreement, the law implies a promise of indemnity on the part of a principal to his surety, and an action of assumpsit for money paid lies in every case where a surety pays the debt for which he is bound, such debt being then due.

6. Where A, at the request of B, and for his accommodation and benefit, becomes legally liable to pay money to a third person, B will be liable to A in an action of assumpsit for money paid, for whatever sum A pays out in complete or partial discharge of such liability.

7. A debt due by defendant to A and another jointly can not be recovered in an action by A alone.

Appeal from the Circuit Court for Hillsborough county.

## STATEMENT.

Appellant brought an action of assumpsit against appellee in the Circuit Court of Hillsborough county, the declaration filed June 2, 1890, containing the usual common counts, including one for money paid by plaintiff for the use of defendant at his request. The principal matter in issue between the parties was an item in plaintiff's bill of particulars, "To account of settlement with Wall & Knight, $750," dated April 30, 1890. In support of this item plaintiff's attorney stated to the court that in May and June, 1885, the defendant being desirous of borrowing a large sum of money, and not desiring to use his own name lest it

might injure his credit, applied to plaintiff, who was his confidential friend, and proposed that he, defendant, convey to plaintiff by deeds a large body of real estate upon which plaintiff should raise the required amount of money by mortgage, and thereupon reconvey the property to defendant and deliver to him, the defendant, the money realized upon such mortgages. Plaintiff agreed to perform such service, and thereupon defendant on May 9, 1885, and again on Jnne 6, 1885, solely for these purposes, conveyed to plaintiff certain lands, the conveyances being so made to plaintiff for the sole purpose of being mortgaged by plaintiff for the benefit and accommodation of defendant, plaintiff having no other interest in the transaction; and in pursuance of the arrangement plaintiff, on May 16, 1885, mortgaged the land mentioned in the first deed to Piers E. Warburton and J. Hamilton Gillespie for $5,000, to secure a note for said sum which was executed by plaintiff and endorsed by defendant; and again on August 27, 1885, plaintiff, in further pursuance of the arrangement, mortgaged the lands mentioned in the second deed to the Florida Mortgage and Investment Co., Limited, to secure a joint note made by plaintiff and defendant for that sum; that plaintiff turned the whole of the money realized on these mortgages over to defendant and on September 29, 1886, reconveyed to said defendant all of the aforesaid lands; that plaintiff received no benefit whatever from said transactions, but that the same was solely for the benefit of defendant, who received the entire amount of money raised on the mortgages; that the mortgages not having been paid, nor the interest due thereon, suits were instituted upon said mortgages to which plaintiff and defendant were par-

ties defendant, and such proceedings were had that decrees of foreclosures were entered in 1889, and the mortgaged property sold at public sale thereunder in February and April, 1890, and the proceeds applied to the mortgage indebtedness, leaving a deficiency due upon both mortgages of $6,000 or over. Plaintiff being liable to a deficiency judgment for said amount, and defendant not having paid same, the plaintiff paid to the attorneys for the owners of the mortgages, on April 30, 1890, the sum of $750, under an agreement with them that he should be released from any further liability on the mortgages or under the foreclosure decrees, and received from them a receipt for said amount, by which it was expressly agreed, in consideration of said sum, to release plaintiff from any further liability under said decrees. Plaintiff offered in evidence copies of these deeds, mortgages, notes, foreclosure proceedings, reports of sale and the receipt for the $750, and offered to prove by his own testimony the payment of said amount, and that the circumstances and agreements, connected with the making of the deeds, notes and mortgages and the payment of the $750, were as stated, and various questions were directed to the witness to that end; but the court ruled out all of this evidence, to which exceptions were duly taken. The objections urged by appellee to the evidence ruled out were that verbal agreements were offered to explain and change the written documents mentioned; that the matters sought to be proven were immaterial and irrelevant to the issue, constituted an equitable transaction not cognizable at law, and disclosed an open trust between the parties. The jury having rendered a verdict for defendant, the court entered judgment against the plaintiff, from which this

appeal was taken prior to the adoption of our Revised Statutes.

The other facts in the case are stated in the opinion of the court.

*Sparkman & Sparkman*, for Appellant.

No appearance for Appellee.

CARTER, J.:

This is one of the many cases in this court wherein we are left to make an independent investigation for authorities in support of the judgment of the court below, without the aid of a brief or argument on the part of the appellee. The delicate compliment so often paid to our ability and industry by these failures on the part of counsel for appellees to brief cases in this court, we can not fail to appreciate, nevertheless we suggest to litigants and counsel that, owing to the present congested state of our docket, and our earnest endeavors to rapidly dispose of the mass of cases now before us, we are willing to renounce these implied compliments, for a time at least, in order that we may have the benefit of counsel's investigations, to aid us in performing these responsible duties. Under our rules a party appellant is in many ways punished for his failure to brief his case, and the rules require an appellee to file briefs with us, though no penalty is named for his failure to do so. We think a moment's reflection on the part of members of the profession will convince them that their duty to this court, their clients and the State, requires that in all cases here represented by them they should brief the questions involved on appeal, not only because it may aid to se-

cure a just and correct decision of these questions, but because this court is thereby enabled to dispose of its business more rapidly than it otherwise could do. In the accomplishment of the task now before us, of clearing the docket, we ask the co-operation of the profession, and the most substantial assistance they can give us, is in the manner suggested.

I. We do not think that the objections made to the oral testimony offered in the court below were tenable. This evidence did not in any respect tend to change, alter or add to the deeds, mortgages and notes offered in evidence. The legal effect of each of these papers was the same, with or without the oral testimony. It neither took from, nor added to, these papers in the slightest degree, but was entirely consistent therewith. Indeed the written instruments were merely executed in pursuance of the verbal agreement, and in part performance thereof, and they, all except the notes, were of that character which were required by the statute of frauds to be written, because conveying real estate. The papers, neither separately nor combined, purported to state all the terms of the agreement between the plaintiff and defendant. As a matter of fact, the notes and mortgages were not contracts between the plaintiff and the defendant, but were contracts between the plaintiff and the defendant on the one part, and a third party on the other. These papers purported to show the contract between the plaintiff and defendant to and with a third person, but not as between themselves. The rule excluding parol evidence does not apply to cases where the original contract was verbal and entire, and a part only of it has been reduced to writing. Where, therefore, the writings do not purport to contain the entire

agreement, nor to have been intended as a complete statement or performance of the whole contract, and they were executed in pursuance of a parol agreement, and in part performance thereof, parol evidence of the verbal agreement is admissible in all cases, where such evidence is consistent with, and not contrary to, such written instruments. Chicago Lumber Co. vs. Comstock, 18 C. C. A. 207, 71 Fed. Rep. 477; Graffam vs. Pierce, 143 Mass. 386, 9 N. E. Rep. 819; Beagle vs. Harby, 73 Hun. 310, 26 N. Y. S. 375; Rutledge vs. Worthington Co. 119 N. Y. 592, 23 N. E. Rep. 1111; Chapin vs. Dobson, 78 N. Y. 74, S. C. 34 Am. Dec. 512; Harris vs. Rickett, 4 H. & N. 1; Greenleaf on Evidence, sec. 284 a; 1 Beach on Modern Law of Contracts, sec. 31.

II. It is a familiar principle of law that an action of assumpsit for money paid is maintainable in every case where the plaintiff has paid money to a third party at the request, express or implied, of the defendant, and with an understanding, express or implied, on his part to repay it. 2 Chitty on Contracts, pages 879, 880; 4 Wait's Actions and Defenses, sec. 1, p. 449. True, the payment must have been made to the use of the defendant (2 Chitty on Contracts, p. 881); but if money has been paid by the plaintiff in discharge of a liability which he has taken upon himself at defendant's request, or by his authority, such payment will in law be one at defendant's request and to his use. 2 Chitty on Contracts, p. 882; Brittain vs. Lloyd, 14 M. & W. 762; 4 Wait's Actions and Defenses, p. 449. And as the law, in the absence of an express agreement, implies a promise of indemnity on the part of a principal to his surety, this action is maintainable in every case where a surety pays the

debt for which he is bound, the debt being then due. 1 Brandt on Suretyship and Guaranty, secs. 205, 208; Love vs. Gibson, 2 Fla. 598. This being the nature of *assumpsit* for money paid, the evidence offered by plaintiff was entirely relevant and pertinent to the issues involved; and did not show a transaction amounting to an existing or open trust, or cognizable only by a court of equity. It tended to show that the conveyances to and from the plaintiff and defendant, and the execution of the notes and mortgages, were completed transactions, entered into for the sole use and benefit of the defendant for his accommodation, and at his special request. It tended to show that in the character assumed by plaintiff for defendant's benefit, he executed legal obligations to third parties at defendant's request, and for his accommodation merely, upon which he was legally liable to pay at least the sum of $750, and upon which he did pay such sum. The defendant was also a party to these liabilities either as a joint maker or endorser, and the payment of this $750 by plaintiff, whether regarded as wholly or partly discharging these obligations, was a direct pecuniary benefit to the defendant, and was, therefore, paid strictly to his use. If the evidence offered is true, it discloses the fact that plaintiff, at defendant's request, became legally liable to pay money to third persons as an act of accommodation to defendant merely, and as his friend; that he paid upon this liability the sum of $750 after it was due, and he is entitled to recover same from defendant in this action. 1 Brandt on Suretyship and Guaranty, secs. 207-212.

The court below ruled correctly in excluding from evidence the written agreement between defendant and plaintiff and W. N. Coneley, as it tended to prove a

debt due by defendant to plaintiff and another jointly, and not to plaintiff individually.

The judgment is reversed and a new trial granted.