Bass *et al.* v. O'Berry—Syllabus.

E. R. BASS AND OTHERS, *Plaintiffs in Error*, v. J. F. O'BERRY, *Defendant in Error.*

1.  In an action upon promissory notes admitted to have been given for the purchase price of a stock of cattle with a designated mark and brand, on issues made by pleas of fraud and misrepresentation, where a bill of sale that is silent as to the number of cattle sold, it being merely evidence of the transfer of the title to the cattle and of the assumption by the vendee of an existing mortgage thereon, is admitted in evidence, it is error to exclude evidence that at the time of the execution of the bill of sale the vendor represented that the stock of cattle numbered more than nine hundred head and that he would make up the deficiency, there being in fact not more than five or six hundred head of cattle, no more than sufficient to pay the mortgage assumed by the vendee. Such evidence does not contradict, but tends to elucidate the written instrument already in evidence.

2.  The sufficiency or insufficiency of evidence to prove the issue does not affect its admissibility.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Osceola County.

The facts in the case are stated in the opinion of the court.

*Sparkman & Carter,* for Plaintiffs in Error;

*Beggs & Palmer* and *W. J. Sears,* for Defendant in Error.

PER CURIAM.—O'Berry recovered judgment upon promissory notes given by E. R. Bass, J. T. Drawdy, L. B. Drawdy and Ackias Bass to Lizzie Savage. The pleas were failure of consideration by reason of fraud and misrepresentation within the knowledge of O'Berry, the endorsee.

At the trial the notes were introduced, also a bill of sale under seal, the consideration for the notes, wherein the payee and her husband sell to these makers "all of the stock of cattle and mark and brand as follows: (Here follows the descriptions), the further consideration is that whereas J. H. Lanier, Sr., is in possession of a mortgage forty-five hundred dollars, involving the above named property, the said party of the second part assumes said mortgage."

The defense offered to prove that at the time of the execution of this bill of sale Savage represented that the stock of cattle numbered more than nine hundred head and that he would make up the deficiency, whereas there were not more than five or six hundred head, no more than sufficient to pay off the mortgage; that the representations were knowingly false, and made for the purpose of misleading the purchasers, who relied upon the representation that there were nine hundred head; also that upon discovery of the shortage they offered to trade back while the notes were in the hands of the payee, and that the present holder had knowledge of these facts.

The general rule that contemporaneous parol agreements cannot alter or amend a written contract, George v. Drawdy, 56 Fla., 303, 47 South. Rep., 939, is not ques-

tioned, but it is urged that the evidence was admissible under the plea of fraud. The action here is upon promissory notes admittedly given for the purchase price of a stock of cattle with a designated mark and brand, and the bill of sale was merely evidence of the transfer of the title to the stock of cattle and of the assumption by the vendee of an existing mortgage thereon. Under the plea of misrepresentation as to the number of cattle included in the transfer, the bill of sale being silent as to the number of cattle included in it, the proffered testimony is not wholly irrelevant to the issue, and does not contradict but rather tends to elucidate the written instrument already in evidence. The sufficiency or inefficiency of the evidence to prove the issue does not affect its admissibility.

The judgment is reversed.

WHITFIELD, C. J., and HOCKER and PARKHILL, J. J., concur.

SHACKLEFORD and COCKRELL, J. J., dissent.

TAYLOR, J., absent on account of illness.