LLOYD MCCLURE, as Administrator of the Estate of LEX J. KIRKPATRICK, Deceased, *Appellant,* v. CENTURY ESTATES, INC., a Corporation; THEODORE STEEG, LEMUEL R. MCKINLEY, T. L. HILLIARD, WILLIAM E. MOORE AND SONS, a Partnership, Composed of William E. Moore, E. G. Moore and P. J. Moore; O. L. STUART, L. F. VAUGHT and HAROLD P. MUNCK, a Co-partnership Doing Business Under the Firm Name of Stuart, Vaught & Munck, and the MANATEE RIVER BANK & TRUST COMPANY, a Corporation, *Appellees.*

Division B.

Opinion filed November 27, 1928.

*J. M. Gardenhire,* for Appellant;

*Dewey A. Dye,* for Appellees.

CAMPBELL, Circuit Judge:

In the court below, the appellant, as complainant, filed bill in equity for the foreclosure of a mortgage on realty, alleged to have been made, executed and delivered by the Century Estates, Inc., a corporation, to one, Lex J. Kirkpatrick, complainant's intestate.

It is alleged in the original bill of complaint and the amendments thereto, that this mortgage was made to secure the payment of three promissory notes, executed by the mortgagor, Century Estates, Inc., and payable to the order of Lex J. Kirkpatrick, one for the sum of $50,000.00 payable one year after date, and two for the sum of $62,500.00 each, payable two and three years after date respectively; also one note for the sum of $12,500.00 executed by Century Estates, Inc., a corporation, and payable to the order of O. L. Stuart, L. F. Vaught and H. P. Munck one year after date. The contention of the complainant, as to the rights of the payees of the last mentioned note, and their assigns, is set forth in paragraph eleven of the bill of complaint, as follows:

"11 Your orator further alleges and says that said mortgage deed also secures a certain promissory note in the

sum of Twelve Thousand and Five Hundred ($12,500.00) Dollars· payable to the defendants, O. L. Stuart, L. F. Vaught and Harold P. Munck, and your orator is informed and believes that said note has not been paid, either principal or interest. Your orator alleges that said defendants have a lien on said property same being to secure a part of the original amount secured by said mortgage and of equal dignity with the indebtedness due complainant and that the rights and intrests of said defendants should be protected by a proper decree of this court in this proceeding, as their interest shall appear.''

The bill of complaint then alleges the failure of the mortgagor to pay installments of principal and interest, and taxes upon the property, according to the tenor and effect of the notes and mortgage, which precipitated the foreclosure, and prays for an accounting to be had and that the court ascertain and decree the amount due complainant on the three promissory notes, and also the amount due Stuart, Vaught and Munck on their note; and that the Century Estates, Inc., be required to pay said amounts to complainant and to Stuart, Vaught and Munck, as their interests appear. The three notes payable to complainant's intestate and the original mortgage are attached to the bill of complaint as Exhibits A, B, C, and D respectively. Subsequent to the date of the filing of the original bill of camplaint and the amendments thereto, the complainants, by leave of the court, filed a bill of complaint in the nature of a supplemental bill, in which Manatee River Bank & Trust Company, a corporation, was made a party respondent, it being made to appear that said Manatee River Bank & Trust Company had become the owner of the $12,500.00 note after the institution of the suit.

Decrees *pro confesso* were entered as to all the respondents except William E. Moore and Son, who filed an

answer disclaiming any right, title or interest in the property involved, and the respondents, Stuart, Vaught and Munck, and Manatee River Bank & Trust Company, a corporation, who filed what they termed a joint and several answer to the bill of complaint, the amendments thereto, and the bill of complaint in the nature of a supplemental bill. In this answer these respondents admit the allegations of the bill of complaint in the nature of a supplemental bill, and each paragraph of the bill of complaint and the amendments thereto except paragraph eleven, above quoted. The respondents, answering paragraph eleven of the bill of complaint, and as facts entitling them to affirmative relief, allege the following:

"3. Answering the eleventh paragraph of the original bill herein filed these defendants admit that said mortgage deed also secured a certain promissory note in the sum of $12,500.00 payable to the order of O. L. Stuart, L. F. Vaught and H. P. Munck, these defendants allege that said note has not been paid, either principal or interest. The defendant Manatee River Bank & Trust Company, a corporation further admits that it has a lien on said mortgaged property to secure the payment of said note, and admits that said note represents a part of the original amount secured by said mortgage, but said defendant does not admit that complainant has a lien of equal dignity with the lien of said defendant to secure the respective notes due to said parties as set forth in the pleadings but on the contrary alleges that Manatee River & Bank Trust Company, a corporation, has a lien on said mortgaged property prior to and superior in dignity to that of complainant on said property to secure the payment of the note due it, together with interest, costs and attorneys fee, same being the note originally payable to O. L. Stuart, L. F. Vaught and H. P. Munck, described in said mortgage, a copy of said note

being attached hereto, called Exhibit "A" and by reference made a part hereof, of which said note Manatee River Bank & Trust Company, a corporation, is now the owner and holder.

"4. These defendants further answering allege that Lex J. Kirkpatrick deceased, for whose estate the complainant is administrator, was the owner of the property described in said mortgage on the 1st day of August, 1925, and on the 29th day of September, 1925, and by deed bearing that date which was filed for record with the clerk of the circuit court in and for Manatee County, Florida, on the 10th day of October, 1925, and recorded in Deed Book 97 page 228, public records of Manatee County, Florida, did convey said property to the defendant Century Estates, Inc., as appears from the allegations of the bill herein and by reference to a certified copy of said deed attached to the bill of complaint herein and called Exhibit "A"; that contemporaneous with the delivery of said deed to Century Estates, Inc., said Century Estates, Inc., did deliver back to the said Lex J. Kirkpatrick a purchase money mortgage on said property, said mortgage being given to secure the four notes described in the pleadings in this cause, and described in said mortgage which said notes were all a part of the unpaid purchase money, and evidence all of the unpaid purchase price for said property, the original of said mortgage being attached to the bill of complaint herein filed called Exhibit "D."

"These defendants further allege that said property conveyed by said deed and described in said mortgage is generally described as 101 acres on Warner's Bayou, all of said land lying and being on the south side of said bayou, and that said deceased Lex J. Kirkpatrick did agree to sell said property to Daniel Hecker, Trustee, under the terms of a certain sales contract, dated August 1, 1925,

at and for a purchased price of $250,000.00, a copy of said sales agreement being attached hereto and by reference made a part hereof and called Exhibit "B," and that said sales contract was by said Daniel Hecker, Trustee, assigned and set over to Century Estates, Inc., the grantee and mortgagor in the respective instruments aforesaid, that pursuant to said undertaking $5,000.00 was paid at the time of the execution of said agreement, $7,500.00 on August 15, 1925, and $50,000.00 upon the closing of said transaction leaving unpaid of said purchase price of $250,-000.00 a balance of $187,500.00 due as provided in said contract and evidenced by the notes and mortgage aforesaid, which said sum and amount is the same indebtedness as that evidenced by the promissory notes aforesaid described in and secured by the mortgage aforesaid said mortgage appearing of record in Mortgage Book 45, page 87, of the public records of Manatee County, Florida.

"5. That in pursurance of said sales agreement aforesaid, and upon directions and instructions from said Lex J. Kirkpatrick, said note of $12,500.00 copy of which is attached hereto as Exhibit "A," was made payable to O. L. Stuart, L. F. Vaught, and H. P. Munck, which payment was to be made to their order absolutely and unconditionally as appear therefrom.

"6. These defendants further allege that O. L. Stuart, L. F. Vaught and H. P. Munck, were brokers or real estate agents in connection with the sale and did not have, own or claim any right, title or lien or legal interest or equitable interest in or to the said property covered by the deed and mortgage aforesaid, and had no right, title or interest, legal or equitable in the purchase price thereof except the right which was given them by reason and by virtue of the sales contract, note and mortgage aforesaid, so prepared, executed and delivered upon instructions and

directions from the said Lex J. Kirkpatrick, these defend-
ants allege that the making of a part of the purchase
price of said property, payable to Stuart, Vaught and
Munck, in which said property the said Stuart-Vaught &
Munck had no interest as aforesaid, upon the direction of
said Lex. J. Kirkpatrick, the legal owner of said property,
constitutes, was and is an assignment of that amount of the
purchase price of said property evidenced by the note
aforesaid to Stuart-Vaught & Munck, and these defendants
allege that said Lex J. Kirkpatrick did retain the balance
of the purchase money obligations for his own benefit and
they are now the property of his estate.

"7. That the note payable to O. L. Stuart, L. F. Vaught
and H. P. Munck now the property of Manatee River Bank
& Trust Company, a corporation, as aforesaid, has not been
paid, nor has any part thereof or any of the interest ac-
crued. thereon since the date thereon been paid, nor has
the interest accrued or unpaid interest as provided for
in said note, or any part thereof been paid, by reason
whereof it was necessary for, and said note was placed in
the hands of an attorney for collection, and reasonable
attorney's fee for service of an attorney in the collection
thereof, thereby incurred, payment of which is also pro-
vided for by said note and secured by said mortgage, all
of which said sums of money are, according to the tenor and
effect of said note and mortgage due and unpaid, and se-
cured thereby.

"8. These defendants consent to having the priority of
the respective liens, if any, or the equality thereof, adjudi-
cated by the Court, and join in the prayer of the bill, and
by reason of the facts hereinbefore set forth and alleged,
and by way of affirmative relief against the complainant,
the defendant Manatee River Bank & Trust Company,
respectfully prays that the Court may adjudicate it to have

a lien on said property by virtue of said mortgage, to secure the full payment of said note, together with interest, costs and attorney's fee prior in dignity and superior to the lien of the complainant and that said defendant have its first lien adjudicated against said property and the property ordered sold by the Court in the event the amount thereof is not paid within a short day to be fixed by the Court, and the proceeds of a sale thereof first applied to the discharge and payment of the note of Manatee River Bank & Trust Company, a corporation, together with interest, costs and attorney's fee as aforesaid, as therein provided and the residue if any then applied to the payment and discharge of the obligation of complainant as set forth in said bill, and that said defendant may have such other and further relief in the premises as equity may require and to your honor shall seem meet.

"And now having answered, pray to be hence dismissed with their reasonable costs in this behalf most wrongfully sustained."

The complainant filed exceptions to, and a motion to strike the portions of the answer above quoted, and the court below overruled the exceptions and denied the motion to strike. From the record it appears that the case was considered at issue without the filing of replication to the parts of the answer upon which the prayer for affirmative relief was based.

After the taking of testimony before the chancellor, final hearing was had, which resulted in the court below rendering final decree, fixing the amounts that the Century Estates, Inc. should pay the complainant and the Manatee River Bank & Trust Company, a corporation, upon the notes held by the respective parties. As to the right of priority between the complainant and the respondent Manatee River Bank & Trust Company, a corporation, the

chancellor found that the transaction between Lex J. Kirk-patrick, complainant's intestate, and the respondents Stuart, Vaught and Munck, concerning the note for $12,-500.00, and at the time of the rendition of the final decree owned by the respondent Manatee River Bank & Trust Company, a corporation, was an equitable assignment to said Stuart, Vaught and Munck for a valuable considera-tion, of that part of the indebtedness mentioned in the mortgage, evidenced by the said note of $12,500.00; and the Court decreed, among other things, as follows: ''That the respondent Manatee River Bank & Trust Company, a corporation, has a lien on the mortgaged property prior in dignity, and superior to, the lien of the complainant.'' The Court further decreed that in the event of a sale of the mortgaged property by the special master therein ap-pointed, the said special master should first apply the pro-ceeds of the said sale to the payment and discharge of the total amount found due Manatee River Bank & Trust Company, a corporation, and the residue, if any, be applied to the payment and discharge of the total amount found due the complainant.

From this final decree the complainant appealed and files an assignment of nine errors claimed to have been com-mitted by the court below.

The second assignment of errors is considered as aban-doned, as counsel for appellant has failed to argue or con-sider this assignment in his brief. Thomas v. State, 36 Fla. 109, 18 So. R. 331; Porter v. Parslow, 39 Fla. 50, 21 So. R. 574.

In the consideration of the other assignments of error, we may group assignments one, three, eight and nine to-gether. These assignments of error question the findings of the court below, and its final decree consequent thereon,

which gave preference and priority to the note for $12,-500.00 payable to Stuart, Vaught and Munck.

We may also consider assignments of error four, five, six and seven together. These assignments attack the rulings of the court below in admitting, as it is claimed, incompetent parol testimony—that is, the testimony of the witness, Edith Roan—to vary and change, as it is claimed, the effect of a written instrument.

We will first consider that group of assignments of error which complain of the rulings of the court below in permitting, over complainant's objection, the witness, Edith Roan, to testify to certain statements of Lex J. Kirkpatrick.

It will be seen from paragraph eleven of the bill of complaint quoted above, that the complainant claimed that the respondents, Stuart, Vaught and Munck, a co-partnership, or their assignee, Manatee River Bank & Trust Company, a corporation, held the note for $12,500.00 due one year after date, which was secured by a lien on the property, as a part of the original amount secured by the mortgage, and of equal dignity with the indebtedness due the complainant's intestate, and that the rights of these respondents should be protected by a proper decree of the court.

It appears from that portion of the answer of the respondent which we have quoted herein, that the respondents claim that the respondent, Manatee River Bank & Trust Company, a corporation, has a lien on the mortgaged property to secure the $12,500.00 note, prior and superior in dignity to either of the notes held by the complainant. Also it is alleged that Lex J. Kirkpatrick, complainant's intestate, was the owner of the property described in the mortgage, on August 1, 1925, when he made an agreement to sell the property, and also on September 29, 1925, when the property was sold and conveyed by him in accordance with the sales agreement, to Century Estates, Inc., a corporation, the assignee of the purchaser

named in the sales agreement, there being a copy of the deed attached to the answer. The answer further asserts that the mortgage now being foreclosed was executed by Century Estates, Inc., a corporation, to Lex J. Kirkpatrick, for the balance of the purchase price of the property, amounting to $187,500.00. The answer also alleges that in pursuance of the sales agreement, and under directions and instructions from Lex J. Kirkpatrick, the note for $12,-500.00 was made payable to O. L. Stuart, L. F. Vaught and J. P. Munck, who were the brokers and real estate agents making the sale of the property; that the said O. L. Stuart, L. F. Vaught and H. P. Munck did not own or claim any right, title, interest or lien, or equitable interest in or to the property covered by the deed and mortgage; that the making of a part of the purchase price of said property payable to said O. L. Stuart, L. F. Vaught and H. P. Munck, upon the direction of the said Lex J. Kirkpatrick, the legal owner of the property conveyed, constituted and was an equitable assignment of that amount of the purchase price evidenced by the said note, and that Lex J. Kirkpatrick did retain the balance of the purchase money obligations for his own benefit.

The mortgage which was attached to the original bill of complaint was made a part thereof, and which was also introduced in evidence by the complainant, describes the obligations it secured as follows, to-wit: ''Whereas, the said Century Estates, Inc., is justly indebted to Lex J. Kirkpatrick, party of the second part, in the sum of One Hundred Eighty-seven Thousand, Fve Hundred ($187,-500.00) Dollars, lawful money of the United States of America, as is evidenced by four certain promissory notes of even date herewith, one note for $12,500.00 to O. L. Stuart, L. F. Vaught and Harold P. Munck, payable on or before one year after date; also one note for $50,000.00, payable to mortgagee on or before one year after date;

one note for $62,500.00, payable to mortgagee on or before two years after date; one note payable to mortgagee on or before three years after date for $62,500.00, with interest on each of said notes at the rate of eight percent (8%) per annum, payable semi-annually.''

The copy of the sales agreement between Stuart, Vaught and Munck, agents for the owner, and Lex J. Kirkpatrick, the owner, upon the one part, and Daniel Hecker, trustee, purchaser, upon the other part, dated August 1, 1925, attached to and made a part of the answer of the respondents and also introduced in evidence, in stating the payments to be made on the balance of the purchase money, contains this clause: ''Installments due first year to be paid in two notes, one for $50,000.00 to Kirkpatrick, and one for $12,500.00 to .................'' It appears, therefore, that for some purpose not made known in the written memorandum of the sales agreement that $12,500.00 of the balance of the purchase money due in one year was to be made payable to some other than the mortgagee, Lex J. Kirkpatrick. It appears from the mortgage that this note for $12,500.00, representing a part of the balance due on the purchase money of the property and secured by the mortgage, was made payable to O. L. Stuart, L. F. Vaught and H. P. Munck. Both the note and the mortgage are silent as to why the $12,500.00 of the balance due on the purchase money is made payable to some one other than the vendor of the property, and particularly as to why it was made payable to the payees named in this note.

The written instruments, namely, the notes and the mortgage, set up a contract between Century Estates Inc., a corporation, upon the one part, and Lex J. Kirkpatrick upon the other part, except as to the $12,500.00 note where it sets up a written contract between Lex J. Kirkpatrick and O. L. Stuart, L. F. Vaught and H. P. Munck upon the one part, and Century Estates Inc., on the other part.

It clearly appears from the note for $12,500.00 and the mortgage that there was some contract, agreement or understanding between Lex J. Kirkpatrick, complainant's intestate, and O. L. Stuart, L. F. Vaught and H. P. Munck, whereby $12,500.00 of the purchase price of the land, with the security accompanying it, was to be made payable to the last three parties named above, who at that time constituted the co-partnership of Stuart, Vaught and Munck.

The entire sum of $187,500.00 was, according to the pleadings and the undisputed facts in the case, a balance of the purchase money due and belonging to Lex J. Kirkpatrick, and it would seem, from the face of the mortgage and notes, that $12,500.00 evidenced by one of the notes due in one year and made payable to O. L. Stuart, L. F. Vaught and H. P. Munck, was an equitable assignment by Lex J. Kirkpatrick to the payees named in this note of that portion of the balance due on the purchase money. "Any words or transactions which show an intention on the one side to assign, and an intention on the other to receive, if there is a valuable consideration, will operate as an effective equitable assignment." 5 C. J. page 911; Sammis v. L'Engle, 19 Fla. 800. "Any order, writing or *act* which makes an appropriation of a debt or funds amounts to an equitable assignment thereof." Ibid. See also 2 R. C. L. p. 614, par. 22.

We have set forth above the situation as shown from the documentary evidence offered in the case.

The witness Edith Roan, introduced by the respondents, testified that she was, during the time that Stuart, Vaught and Munck were the real estate brokers and agents of Lex J. Kirkpatrick in selling the property described in the mortgage, stenographer and bookeeper for said Stuart, Vaught, and Munck; that she was not interested in the co-partnership, was only an employee. She testified further

that she prepared the mortgage involved in this suit; and that it was prepared in the office of Stuart, Vaught and Munck, but that the same was dictated by Judge Kirkpatrick (meaning Lex J. Kirkpatrick) and that O. L. Stuart, of the firm of Stuart, Vaught and Munck, was present. Over the objection of the solicitor for the complainant, witness testified as follows: ''He (Kirkpatrick) asked Mr. Stuart for a loan of one-half our commissions. The full commission was to be $25,000.00. He wanted this much to take care of several mortgages there were then on the property, or he would have to make arrangements in the North. Mr. Stuart said it would be all right. Afterward Mr. Kirkpatrick said that one-half their commission or $12,500.00 would be given them out of the first payment on the Century Estates Mortgage. * * * He (meaning Judge Kirkpatrick) stated I was to place the $12,500.00 note to O. L. Stuart, L. F. Vaught and Harold P. Munck due one year after date first, and then following that, the $50,000.00 note to L. J. Kirkpatrick due one year after date.''

The solicitor for the complainant objected to the questions propounded to the witness which elecited the foregoing evidence, and moved the court to strike such testimony, basing his objections upon the grounds that the questions called for parol testimony to vary, alter or explain a solemn, sealed, written instrument, there being nothing in the pleadings or on the face of the writings which would require or call for any such evidence. The motion to strike the testimony of the witness was based upon the same theory.

There is no contention by the appellant, nor could there have been a valid contention, that this witness was disqualified to testify under the provisions of Sec. 2705, Rev. Gen. Stats. of Florida. Appellant's objection is based solely

on the theory that the testimony of the witness was inadmissible under the rule of law which prohibits the introduction of parol testimony to vary, contradict or change a written instrument.

It is contended that the testimony of the witness varied, changed or contradicted the written mortgage and notes. We do not think this contention is tenable.

In the first place, the mortgage and the notes do not undertake to set forth the contract or the agreement between Lex J. Kirkpatrick and Stuart, Vaught and Munck, whereby the note for $12,500.00 payable one year after date and representing a part of the purchase money secured by the mortgage, was made payable to Stuart, Vaught and Munck.

This court has held in several cases, considered in the past, that the parol testimony cannot be introduced to vary or contradict a valid written contract (See Hoopes v. Crane, 56 Fla. 395, 47 So. R. 992; Porter v. Sims Co., 55 Fla. 504, 46 So. R. 420; Haworth v. Norris, 28 Fla. 763, 10 So. R. 18; Harrell v. Durrance, 9 Fla. 490). But it has also held that where the written instrument does not speak concerning essential elements of the contract, or where there is ambiguity or uncertainty as to the meaning of the contract which the writing undertakes to evidence, parol evidence may be introduced for the purpose of showing the essential matters concerning the transaction between the parties not contained in the writing, or to explain ambiguity or uncertainties. See Schmitt v. Bethea, 78 Fla. 304, 82 So. R. 817; Bass v. O'Berry, 59 Fla. 159, 51 So. R. 597; McNair & Wade Land Co. v. Gray, 54 Fla. 550, 45 So. R. 492; Somers v. Florida Pebble Phosphate Co., 50 Fla. 275, 39 So. R. 61; Florida Moss Products Co. v. City of Leesburg, 112 So. R. 572.

As we have said, the documents in the instant case, on

their face show an equitable assignment of a part of the indebtedness due complainant's intestate, for any order, writing or act which plainly makes an appropriation of a fund or debt, or a part of a fund or debt, may amount to an equitable assignment. The true test of an equitable assignment is whether the debtor would be justified in paying the debt to the person claiming as assignee. And such assignments may be parol; or partly in writing and partly oral. 2 R. C. L. p. 614, par. 22.

"If the equitable assignment of a debt is in writing, and the intent and contract of the parties are not fully expressed, it has been held that parol evidence is admissible as in similar cases in reference to written instruments." 2 R. C. L. p. 615, par. 21; Moore v. Lowery 95 Am. Dec. 790.

"The rule that when an assignment is in writing parol evidence should not be introduced, is held to be inapplicable to assignments which from their nature do not purport to state the entire agreement in respect to the subject-matter; nor does it prevent the introduction of parol evidence to explain an ambiguous written assignment." 5 C. J. 1019, par. 259.

"Where a written instrument executed pursuant to a verbal agreement or negotiation, does not express the entire agreement or understanding between the parties, the parol evidence rule does not apply to prevent the introduction of extrinsic evidence with reference to matters not provided for in the writing." 22 C. J. 1283, par. 1715; McNair, etc. Land Co. v. Adams, 54 Fla. 550, 45 So. R. 492.

Again, as we have stated before, the notes and mortgage constitute a contract in which Lex J. Kirkpatrick and Stuart, Vaught and Munck were upon one side, and Century Estates, Inc. on the other. These instruments set forth the contract between a mortgagee and his assignee

of a part of the indebtedness secured, upon the one part, and the mortgagor upon the other part.

"The rule excluding parol evidence to vary a writing has been held to be not applicable in a controversy between parties to an instrument whose interests thereunder are .the same, or their privies." 22 C. J. 1924. See also Chamberlain v. Lesley, 39 Fla. 452, 22 So. R. 736.

In the case last above cited, this court held that the law preventing the introduction of parol evidence to vary or contradict the terms of a mortgage and notes, did not apply in an action between Chamberlain and Lesley, wherein one was seeking to recover from the other compensation for money paid by him because of having executed the note and mortgage to a third person, for the other's accommodation. Mr. Justice Carter, speaking for the court, 39 Fla. 457 (text) says: "The papers neither separately nor combined purported to state all of the terms of the agreement between the plaintiff and the defendant. *As a matter of fact, the notes and mortgages were not contracts between plaintiff and defendant, but were contracts between plaintiff and defendant on the one part, and a third party on the other. These papers purported to show the contract between plaintiff and the defendant to and with a third person, but not between themselves.*" (Italics supplied.)

We find no error in the ruling of the chancellor in overruling the objections to the questions propounded the witness Edith Roan, nor in denying the motion to strike her testimony.

The other contention made by the appellant in his assignment of errors is, the findings of the court below, and the decree consequent upon such findings, that the respondent Manatee River Bank & Trust Company had a lien on the mortgaged premises prior in dignity and superior to

the lien of the complainant, to secure the full payment of the note for $12,500.00 held by the Manatee River Bank & Trust Company, a corporation.

From what we have said, in reaching our conclusions on the questions already considered in this case, the court below correctly found that the action of Lex J. Kirkpatrick, complainant's intestate, in having the note for $12,500.00 made payable to Stuart, Vaught and Munck, was an equitable assignment of this portion of the balance due on the purchase money, to the payees named in the note, or to their order.

It appears from the testimony of the witness Edith Roan that the vendor of the property, and subsequently the mortgagee thereof, in dictating the mortgage, directed her, "that I was to place the $12,500.00 note of O. L. Stuart, L. F. Vaught and Harold P. Munck, due one year after date, first, and then following that, the $50,000.00 note to L. J. Kirkpatrick due one year after date." That part of the mortgage already quoted in this opinion shows that this direction was undertaken to be carried out by causing the note for $12,500.00 to be named first in the description of the notes.

Regardless of whether or not there was an express agreement between Lex J. Kirkpatrick on the one part and Stuart, Vaught and Munck on the other, that the note payable to them was to be paid out of the first money paid on the mortgage, there was, we think, an implied agreement upon the part of the mortgagee, when he assigned the $12,-500.00 of the indebtedness and secured from the assignees a loan, that it should have priority over that portion of the indebtedness retained by him. Equity will, under such circumstances, fix the priority in the assignee, unless it clearly appears that there was an express agreement to the contrary.

"Where a person holding all of a series of notes secured by a mortgage, assigns one of them, the assignee is entitled to be preferred in the distribution of the proceeds of the mortgaged property." Lawson, Receiver et al. v. Warren (Okla.), 124 Pac. R. 46, 42 L. R. A. (N. S.) 182.

In the case just cited the Supreme Court of Oklahoma, after considering the holdings of various states as to the rights of priority between different assignees of several notes, says (42 L. R. A. (N. S.) at page 190, text) : "But these authorities do not apply in this case. This is not a conflict between two assignees, but is a conflict between the assignee of the first note and the receiver holding the second note, and as such, standing in the shoes of Arnold Mercantile Company. In this case the second note was retained by Arnold Mercantile Company, and as between it and Warren, its assignee, equity will require that its assignee be first paid out of the mortgage fund."

"Where the mortgagee assigns one or more of the notes, and retains the remainder of a series, it is generally held that the assignee is entitled to a priority of lien as against the mortgagee, with respect to the notes or notes so transferred; and this rule operates without regard to the order in which the notes held by the two parties mature." 3 Pom. Eq. Jur. 3 Ed., par. 1203.

Jones on Mortgages, 6 Ed., par. 1701, contains the following: "Where the holder of a mortgage assigns a part of it, although he warrants only the existence of the debt at the time of the transfer, it would be contrary to good faith to permit him, after receiving the money for this part of the claim, to come into competition with his assignee, if the property prove insufficient to satisfy both. Unless the intention be plainly declared on the face of the assignment that the assignee is to share *pro rata* in the security with the assignor, the equitable construction of it

is that it must, in the first place, be applied for the payment of the part of the debt which was assigned.''

In the case of Kissimmee E. L. Co. v. Carr et al., 88 Fla., 388, 102 So. R. 335, we said: ''Where a series of notes are secured by mortgage, such notes, in foreclosure proceedings in equity, will not be paid in the order of their maturity, *if equitable considerations require a different order of payment.*'' (Italics supplied.) See also note to Chatten v. Knoxville Trust Co., 50 A. L. R. 537.

As appears from the foregoing observations, we do not find any reversible error in decree of the court below, finding and adjudging that the appellee, Manatee River Bank & Trust Company, a corporation, has a lien upon the mortgaged property to secure its notes, interest, cost and attorney fees, superior to that of the appellant.

The final decree is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chap. 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the court below should be, and the same is hereby affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.