304 F.2d 656
 W. W. ROBSON, Jr., Dorcas Robson, Daniel W. Robson and John
H. Robson, individually, and comprising the
Co-partnership d/b/a Marquette Coal and
Mining Company, Plaintiffs-Appellees,
v.
AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a
corporation, Defendant-Appellant.
 No. 13511.
 United States Court of Appeals Seventh Circuit.
 June 30, 1962, Rehearing Denied Aug. 15, 1962.
 
 Michael J. Thuma, Berchem, Schwantes & Thuma, Chicago, Ill. (Richard Owen Young, Oak Park, Ill., of counsel), for appellant, American Cas. Co. of Reading, Pa.
 A. Denison Weaver, Chicago, Ill., for appellee.
 Before KNOCH, KILEY and SWYGERT, Circuit Judges.
 KILEY, Circuit Judge.
 
 
 1
 This is a diversity suit to recover $15,000 which plaintiffs undertook to pay and which they claim their insurer, defendant, ought to have paid, in settlement of a personal injury and property damage suit. Both plaintiffs and defendant filed motions for summary judgment.[1] The court granted plaintiffs' motion and defendant has appealed.
 
 
 2
 Plaintiffs' automobile collided with the automobile of Frank and Rose Santomassino in Dade County, Florida. Both Santomassinos filed claims for bodily injuries directly with defendant in Florida. Later they sued plaintiffs in Florida and defendant under its policy obligation employed an attorney to defend the suit. During the trial a settlement of $115,000 was reached, for payment of which a general release was signed by the Santomassinos. Defendant paid the limit of $100,000 under its policy for the bodily injury to 'each person' in the collision.[2] Plaintiffs undertook to pay the $15,000. It is that sum which is sought in this suit.
 
 
 3
 On consideration of the 'memorandums and exhibits' in support of the motions for summary judgment and after argument, the District Court made these findings: Following the collision both Santomassions filed with defendant separate claims for personal injuries, and subsequently Rose sued for personal injuries and Frank for damages consequent upon injuries to Rose.[3] In settlement of the suit the Santomassinos expressly released their individual claims for personal injuries. The total settlement of $115,000 came within the policy limit of $200,000 for 'each occurrence.'[4]
 
 
 4
 The District Court decided on these findings that there was no genuine issue as to any material fact and entered the judgment in plaintiffs' favor.
 
 
 5
 The question is whether the court's finding of the absence of a genuine issue of a material fact is erroneous. The significance of the finding is this: If the release covers both Rose and Frank Santomassino's bodily injury claims, defendant's liability is $200,000 for 'each occurrence,' instead of $100,000 for 'each person,' and it, and not plaintiffs, would have the burden of paying the $15,000 sought by plaintiffs in this suit.
 
 
 6
 In support of their motion plaintiffs filed, among other exhibits, a memorandum sent by defendant's Miami branch office to the Chicago branch office: 'Please note that the attorney is claiming injury to Frank Santomassino and Rose Santomassino. You will need an AL for Frank * * *.' The memorandum suggested a reserve 'AL for Frank Santomassino' of $1,500. Plaintiffs also filed a letter from a doctor outlining personal injuries to Frank Santomassino and a copy of defendant's draft of the release of $100,000 'in full and final settlement of any and all claims.' 'The endorsement * * * constitutes a release * * * in full payment of the account as stated herein.'
 
 
 7
 Defendant relied upon affidavits of its Chicago and Florida attorneys and of its Florida branch manager; and on part of the transcript of the Florida proceedings, and the Stipulation and Order of Dismissal in the Florida suit.
 
 
 8
 The portion of the transcript shows that the Florida attorney for the Santomassinos stated in the Florida case that 'this case has been settled for $115,000.' The order of the Florida court stated 'this cause having been amicably settled this action shall be dismissed with prejudice * * *.'The Chicago attorney's affidavit states that the only relevant claim of Frank Santomassino is the one made in the Florida suit. The affidavit of defendant's Florida attorney stated that 'no part' of the settlement was paid on account of a personal injury claim of Frank Santomassino; that under Florida law any personal injury claim of Frank Santomassino became 'totally valueless' when the cause of action in Florida was presented; that the order of dismissal of that cause was res judicata; and that no demand was made on him for any 'additional sums' for injuries to Frank Santomassino. The affidavit of defendant's Florida manager stated that 'no part' of the settlement was for personal injury to Frank Santomassino, and that no demand was made, while he conducted the settlement negotiations, for settlement of Frank Santomassino's personal injury claim.
 
 
 9
 The burden of defendant was to show that it had a ground of defense fairly arguable and of a substantial character. Repsold v. New York Life Ins. Co., 7 Cir., 216 F.2d 479 (1954). It relies upon the statements in the affidavits and the portion of the transcript, and the order of the Florida court, in the Florida lawsuit, to show that the General Release was not intended to release a personal injury claim of Frank Santomassino. The question is raised in this court as to whether that evidence is admissible, under Florida law, to make that showing.
 
 
 10
 In the trial court, and here, defendant relied upon Mallard v. Ewing, 121 Fla. 654, 165 So. 674, 678, for the rule that parol evidence is admissible to show a contemporaneous oral agreement which induced the General Release.
 
 
 11
 The General Release expressly releases both personal injury claims of the Santomassions.[5] In Mallard the court said:
 
 
 12
 '* * * the rule is now generally recognized that the true or real consideration of the instrument may be shown by either party by any competent evidence although the consideration so shown may be different in the amount of quantity from the consideration expressed provided it is not inconsistent with it.'
 
 
 13
 The evidence relied upon by the defendant is offered to show that the consideration for defendant's payment of the amount of the settlement was different from that expressed in the release. Consequently, it is inconsistent with that is not admissible.
 
 
 14
 Defendant also relied upon McClure v. Century Estates, Inc., 96 Fla. 568, 120 So. 4 (1928), and Applebaum v. Appel, 82 So.2d 738 (Fla.1955), for a rule that the parol evidence rule has no application in this dispute between plaintiff and defendant who are, virtually, on the same side of the General Release. But in McClure parol evidence was admitted to show the true relationship of the parties where the serveral notes involved did not do so. the court there depended upon Chamberlain v. Lesley, 39 Fla. 452, 22 So. 736 (1897). In Chamberlain parol evidence was admitted to show plaintiff was an accommodation party to a mortgage and note, and the court noted that evidence 'neither took from nor added to these papers in the slightest degree but was entirely consistent therewith.' The court held the written contract did not fully express the oral agreement of the parties because it did not describe the party as an accommodation party. In Applebaum a contract of sale did not define the rights of the parties. The court held that evidence of an oral agreement purporting to define those rights did not vary the terms of the written contract.
 
 
 15
 Those cases are distinguished because there was no inconsistency in the evidence, held admissible; and here there is inconsistency in evidnece purporting to show Frank Santomassino's personal injury claim was not released and the General Release expressly releasing that claim. This distinction brings into effect the rule, stated in Knabb v. Reconstruction Finance Corp., 114 Fla. 110, 197 So. 707, 716 (Fla.1940), a more recent Florida case, which we think renders the evidnece proffered by defendant inadmissible as a defense to plaintiffs' suit:
 
 
 16
 '* * * If the consideration is expressed merely as a recital of a precedent or contemporaneous fact, parol evidence is receivable to prove that the recited fact is untrue, and that the recited consideration has not been paid at all, or has been paid on a different account; but if the instrument states a contractual consideration, parol evidence is not admissible to vary or contradict the consideration expressed.'[6]
 
 
 17
 We hold accordingly that that evidence was inadmissible.
 
 
 18
 This conclusion removes from consideration the evidence upon which defendant's defense rested. And leaves plaintiffs' claim unchallenged by an arguable defense.
 
 
 19
 For this reason, the summary judgment was right, and it is Affirmed.
 
 
 20
 SWYGERT, Circuit Judge (dissenting).
 
 
 21
 In my opinion there is a genuine issue of material facts in this case. That issue, raised generally by defendant in its answer to the complaint and more specifically in support of its answer to the motion for summary judgment, is whether it was intended by the parties in settling the Florida lawsuit for $115,000 that Frank Santomassino's claim for bodily injuries against plaintiffs was included in the settlement and in the release signed by both Santomassinos.
 
 
 22
 It is true that a literal reading of the release would include a claim of Frank Santomassino for his bodily injuries, but defendant contends that parol evidence, if it were permitted to submit such evidence at trial, would demonstrate that the release was not intended to include any claim of Frank Santomassino for such injuries; that any such claim was abandoned when Frank Santomassino filed the lawsuit in Florida asking for consequential damages only; and that in the settlement of the case for $116,000 no part of that sum was paid on account of any bodily injuries suffered or claimed to have been suffered by him individually. In other words, defendant contends that the release was signed to settle only the claims made in the Florida suit and to terminate that litigation wherein Frank Santomassino made no claim for damages for bodily injuries; and that an oral agreement, extrinsic to the release, existed to the effect that the release was to be given in return for the dismissal of the Florida lawsuit and this was all that was contemplated by the parties.
 
 
 23
 As part of its demonstration that there is a genuine dispute about what the settlement included, defendant attached as an exhibit to its motion to stay the entry of the summary judgment an excerpt from the court reporter's transcribed notes of the settlement agreement. This excerpt contained the following colloquy between Mr. Sams, representing the plaintiffs Santomassinos, and Mr. Daniel Robson, one of the defendants (plaintiff here):
 
 
 24
 'Mr. Sams: I just want to put on the record that this case has been settled for $115,000.00 with the understanding that $100,000.00 will be paid by the Insurance carrier, and the remaining $15,000.00 to be paid by the defendant,-- shall I put you personally or do you want to put--
 
 
 25
 'Daniel Robson: Put me personally.
 
 
 26
 'Mr. Sams: Well, let's just put the defendant,-- and that the defendant, Daniel Robson agrees,-- is it Daniel?
 
 
 27
 'Daniel Robson: Yer.'
 
 
 28
 The release itself makes reference to an understanding or agreement that plaintiff Daniel W. Robson was to pay $15,000 of the $115,000 settlement. The instrument reads in part:
 
 
 29
 'Of the above stated sum of money, it is expressly agreed and understood that the American Casualty Company obligates itself only for the the payment of One Hundred Thousand and No/100 Dollars ($100,000.00); and that by separate agreement by and between Rose Santomassino, Frank Santomassino and Daniel W. Robson, the sum Fifteen Thousand and No/100 Dollars ($15,000.00) is to be paid by the said Daniel W. Robson in the following manner:
 
 
 30
 '(a) Five Thousand and No/100 Dollars ($5,000.00), on July 1, 1960;
 
 
 31
 '(b) Five Thousand and No/100 Dollars ($5,000.00), on July 1, 1961; said sum to be evidenced by a promissory note payable to Sams, Anderson, Alper, Meadows & Spencer;
 
 
 32
 '(c) Five Thousand and No/100 Dollars ($5,000.00), on July 1, 1962; said sum to be evidenced by a promissory note payable to Sams, Anderson, Alper, Meadows & Spencer.
 
 
 33
 'It is further expressly understood that the American Casualty Company is not a party to said separate agreement and undertakes no responsibility or obligation with regard thereto.'
 
 
 34
 It would appear that the law of Florida required Frank Santomassino to bring any action for bodily injuries in the same suit in which he asserted his derivative claim based on injuries to his wife. In other words, he could not split his causes of action, bringing one suit for the derivative claim and a second for his bodily injuries. Goldman v. Kent Cleaners & Laundry, Inc., Fla.App., 110 So.2d 50; Mims v. Reid, Fla., 98 So.2d 498. Thus, it would appear that on June 15, 1960, when the release was executed, Frank Santomassino had no legally assertable claim for his bodily injuries. It seems to me this is support, in addition to the agreement by Daniel Robson to pay $15,000, for defendant's contention that there is a genuine issue of material facts relating to the true meaning of the release as that meaning may be shown by a contemporaneous oral agreement which defendant asserts existed.
 
 
 35
 Defendant further contends that under Florida law the parol evidnece rule has no application in a dispute between parties on the same side of a written instrument, citing McClure v. Century Estates, Inc., 96 Fla. 568, 120 So. 4 and Applebaum v. Appel, Fla., 82 So.2d 738. I do not think these cases should be given the narrow application which the Court gives them.
 
 
 36
 In McClure the Florida Supreme Court stated:
 
 
 37
 'The rule excluding parol evidence to vary a writing has been held to be not applicable in a controversy between parties to an instrument whose interests thereunder are the same, or their privies.' 22 C.J. 1294. See, also, Chamberlain v. Lesley, 39 Fla. 452, 22 So. 736.
 
 
 38
 'In the case last above cited, this court held that the law preventing the introduction of parol evidence to vary or contradict the terms of a mortgage and notes did not apply in an action between Chamberlain and Lesley, wherein one was seeking to recover from the other compensation for money paid by him because of having executed the note and mortgage to a third person, for the other's accommodation. Mr. Justice Carter, speaking for the court, 39 Fla. 457, 22 So. 738 (text) says: 'The papers, neither separately nor combined, purported to state all the terms of the agreement between the plaintiff and defendant. As a matter of fact, the notes and mortgages were not contracts between the plaintiff and the defendant, but were contracts between the plaintiff and the defendant on the one part, and a third party on the other. These papers purported to show the contract between the plaintiff and defendant to and with a third person, but not as between themselves.'
 
 
 39
 In Applebaum the suit was by one alleged purchaser against his joint alleged purchaser of a drug store corporation. The sales contract gave plaintiff Applebaum and defendant Appel the joint right to vote the stock, and the certificates were endorsed to both of them with title retained in the seller subject to the performance of the sales contract. Appel was permitted to show during the trial by extrinsic evidence that Applebaum had not actually purchased any of the capital stock of the drug store; that Appeal and his sister made the entire cash payment on the stock; that it was the understanding between Applebaum and himself that the balance of the purchase price was to be paid out of the profits of the business; and that he would sell Applebaum 30 shares of the stock on payment of his pro rata share of the purchase price. Although the contract provided for the sale and transfer of the stock to both parties, yet, on the basis of parol evidence, the trial court decreed that Applebaum had no interest in the business or owned any of the shares of the stock in the drug store. The Supreme Court of Florida approved the admissibility of this parol evidence, citing Chamberlain and McClure and also quoted from 32 C.J.S. Evidence 862, as follows:
 
 
 40
 "The rule excluding parol evidence to vary a writing is not applicable in a controversy between parties to the instrument whose interests thereunder are the same, or their privies, as in the case of contests between grantors, grantees, coobligors, or coobligees, or between privies of parties on the same side."
 
 
 41
 It is my view that in principle there is no difference between Applebaum and defendant's contention in the instant case. Whether that contention can be sustained would depend of course on the proof at trial.
 
 
 42
 I would reverse and remand with direction to vacate the judgment for summary judgment.
 
 
 
 [1]
 Fed.R.Civ.P. 56, 28 U.S.C.A
 
 
 [2]
 
 'Coverages Limits of Liability * * *
 A-- Bodily Injury Liability-- $100,000 each person
 Automobile $200,000 each occurrence * * *'
 
 
 [3]
 Frank Santomassino also claimed damage to his automobile. A separate policy provision covered property damage
 
 
 [4]
 As to limitations, the policy provided: 'The limit of bodily injury liability * * * applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury * * *; the limit * * * applicable to 'each occurrence' is * * * the total limit of the company's liability for all damages, including * * * care and loss of services, arising out of bodily injury * * *.'
 
 
 [5]
 The 'General Release' provided:
 This release covers any and all claims for personal injury and property damage alleged to have been sustained by Rose * * * and Frank Santomassino * * *.
 
 
 [6]
 See also: 9 Wigmore, Evidence, 2432, 2433; 20 Am.Jur. Evidence, 1112; 1 Williston, Contracts, 115B (3d ed. 1957)