BOYD, Justice,
dissenting.
I dissent from discharge of the writ because, in my opinion, the decision of the district court in this cause, reported at 325 So.2d 34, conflicts with Cohen v. Mohawk, Inc., 137 So.2d 222 (Fla.1962).
Petitioner was employed as the real estate broker for the sale of respondent’s land. The contract for the exclusive right of sale (the listing agreement) provided that for finding a purchaser petitioner would receive a commission of 10% of the sales price. The listing agreement was amended to provide,
“. . . that the Agent [petitioner] gets ten percent (10%) of the cash at closing and ten percent (10%) of all installment payments received by the Seller, but that the commission shall be payable as, if, and when received by the Seller.”[1]
Cheetham Realty was enlisted to help find a purchaser. The listing agreement was again amended to provide that Cheetham would receive 60% of the brokerage commission and petitioner 40% and that Cheet-ham was to receive 6% of the cash paid at closing and 6% of the mortgage payments as made. The second amendment further provided that petitioner was to receive 4% of the mortgage payments and
“. . . Because Huskey [petitioner] is not receiving four (4%) percent of the cash at closing, that deferred part of its commission shall be paid out of the mortgage payments made by [buyer] on its mortgage in a ratio based upon the payment made (annual or prepayment) to the original principal balance of the mortgage times the commission due Huskey at closing but not received by Huskey, with interest at seven (7%) percent per annum on the unpaid balance.”[2] (emphasis supplied.)
Closing on the property was held and respondent received a down payment of $450,-000. The buyer defaulted on the mortgages and respondent refused to pay petitioner any part of the brokerage commission. Petitioner brought suit against respondent claiming it was entitled to 4% of the down payment as part of its commission. The trial court regarded the second amendment as ambiguous as to whether the buyer’s payment of the mortgage was to be a condition precedent to Huskey’s receipt of that portion of its commission it would have received as the closing. Accordingly, it admitted parol evidence to determine the intent of the parties. The court decided that receipt of the commission owed Huskey at the time the down payment was made was not conditioned on payment of the mortgage. Accordingly petitioner was awarded judgment of $19,952.70, plus costs of the nonjury trial.
The judgment was appealed by respondent to the district court where it was reversed on the court’s decision that it was error to admit parol evidence, since the second amendment unambiguously conditioned receipt of the commission originally due at the closing, on payment of the mortgage. While the district court correctly *434 espouses the rule of law that parol evidence may not be admitted to vary the meaning of contractual terms which are clear, the court has misapplied the rule.
It seems to me that the language of the amendment could be found to clearly mean that the commission owed petitioner at the closing was not conditioned on payment of the mortgage and that the debt owed petitioner was fixed and its satisfaction was to be achieved by an alternative method. In this regard, satisfaction of the debt was not conditioned upon receipt of the mortgage payments. Either this was the case or the amendment was ambiguous as to whether a condition existed and, therefore, parol evidence was properly admitted. McClure v. Century Estates, Inc., 96 Fla. 568, 120 So. 4 (1928). In either case, the judgment of the circuit court should not have been reversed.
In Cohen, this Court stated:
“It should be kept in mind that the judgment of the trial court reached the district court clothed with a presumption in favor of its validity. 1 Fla.' Law and Practice, Appeals § 152, 2 Fla.Jur., Appeals, § 314, and authorities cited therein. Accordingly, if upon the pleadings and evidence before the trial court, there was any theory or principle of law which would support the trial court’s judgment in favor of the plaintiffs, the district court was obliged to affirm that judgment.” 137 So.2d 222 (Fla.1962).
My examination of the controversial amendment leads me to believe that the judgment of the trial court could have been upheld on the theories that the amendment unambiguously entitled petitioner to the commission or that it was not error to admit parol evidence, since the amendment was ambiguous as to whether a condition existed. There is conflict with Cohen.
Conflict certiorari offers us a vehicle to correct the district court’s error. I would use it since the error so obviously does an injustice to petitioner.
ADKINS, J., concurs.

. Record on appeal, p. 23.

. Record on appeal, p. 24.