KISSIMMEE EVERGLADES LAND COMPANY, A FLORIDA CORPORATION, *Appellant*, v. W. J. S. CARR, *et al.*, *Appellees*.

Division B.

Opinion Filed December 4, 1924.

Petition for Rehearing Denied December 18, 1924.

On Rehearing.

1. While an appellant, against whom a decree *pro confesso* has been entered, can on appeal question the correctness of the final decree rendered in the cause in so far as it affects his rights, yet the correctness of the decree is tested by the case made before final decree and not by matters first presented in a petition for rehearing.

2. Where it does not appear when a final decree is rendered in foreclosure proceedings, that a party defendant who has purchased a part of the mortgaged property, expressly assumed as a part of the purchase price, the payment of the entire mortgage indebtedness then existing on all of the land, the court is not required to order a sale of the portion sold to such a vendee before the other portion is sold.

3. Where a series of notes are secured by mortgage, such notes, in foreclosure proceedings in equity, will not be ordered paid in the order of their maturity if equitable considerations require a different order of payment.

An Appeal from the Circuit Court for Highlands County; George W. Whitehurst, Judge.

*Ellis F. Davis,* for Appellant;

*Leitner & Leitner, Johnston & Garrett,* and *Giles J. Patterson,* for Appellees.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and adjudged by the Court that the said decree of the Circuit Court be, and the same is hereby, affirmed.

WHITFIELD, P. J., and WEST and TERRELL, J. J., concur.

On Petition for Rehearing.

WHITFIELD, P. J.—The final decree appealed from herein was affirmed without opinion.

It appears that the appellant corporation gave a mortgage on lands to secure the payment of two notes, paid one of the notes, sold a part of the land to another corporation and took a mortgage on it to secure nine notes numbered consecutively and payable in three, four and five years. The appellant assigned for value received the last three of the notes which were payable in five years, and pledged

the other notes. By assignments Carr became the holder of the first mortgage and the unpaid note, and brought suit to foreclose the mortgage. A decree *pro confesso* was entered against the appellant who was one of the defendants. The final decree ordered the property not covered by the second mortgage to be first sold and directed that if the property covered by the second mortgage had to be sold, the three notes assigned for value should be paid before the six notes retained by the appellant and pledged, as the Court held, to others, who assigned them to Carr.

By petition for rehearing appellant made it appear that in the conveyance of a portion of the land by it to the mortgagor of the second mortgage, the grantee assumed and covenanted "to pay as a part of the consideration for the purchase of the * * * land" the balance of the first mortgage indebtedness, and sought to show that the endorsement by appellant of the last three of the nine notes secured by the second mortgage was "without recourse."

The court made the following order on the petition for rehearing: "It appearing to the court that a decree *pro confesso* has heretofore been entered against petitioner and it further appearing that no testimony was introduced in the record substantiating petitioner's claim, and the court having considered the testimony offered and entered final decree thereon, this motion is denied."

The appellant contends here that in view of the express covenant to pay the balance of the first mortgage indebtedness contained in the conveyance to the second mortgagor, the court should in ordering sales of the property have applied the rule that "where a purchaser of a part of mortgaged premises assumes the payment of all of the mortgage on the whole of such premises, the land so purchased is liable for the mortgage debt before the portion of the mortgaged premises remaining unconveyed by the mortgagor or

his estate can be sold in satisfaction of the mortgage debt.'' Chancellor of New Jersey v. Towell, 80 N. J. Eq., 223, 82 Atl. Rep. 861, 39 L. R. A. (N. S.) 359, and that the notes secured by the second mortgage should have been paid in the order in which they became due under the rule that ''In case of a mortgage to secure notes payable at different periods the note which first falls due has the prior right to be satisfied out of the mortgaged property, unless there is some peculiar equity attached to the notes of subsequent date, and so as to the other notes.'' Wilson & Herr v. Hayward, 6 Fla. 17.

While the appellant, against whom a decree *pro confesso* had been entered, can on appeal question the correctness of the final decree rendered in the cause in so far as it affects his right, yet the correctness of the decree is tested by the case made before final decree and not by matters first presented in a petition for rehearing.

Prior to the final decree it did not appear by the proceedings in the cause that in the conveyance of a portion of the land to it by appellant the second mortgagor corporation had expressly assumed as a part of the purchase price of the portion of the land, that it would pay the entire mortgage indebtedness then existing on all of the land covered by the first mortgage.

It was found by the court that the second mortgage notes 7 to 9 were transferred by the appellant and that the remaining six notes were held by the complainant Carr as pledgee for the appellant, therefore no error of which appellant can now complain appears in decreeing that notes 7 to 9 be paid before notes 1 to 6. The decree accords with the equities of the case.

Appellant suffered a decree *pro confesso* to be entered against it, and the decree is not erroneous on the record made prior to the final decree.

Rehearing denied.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.