MIAMI OIL COMPANY, a corporation, *Appellant,* vs. FLORIDA DISCOUNT CORPORATION, a corporation, R. L. RAY and MAE RAY, his wife, and J. P. BROWN, *Appellees.*

135 So. 845.

Division B.

Opinion filed June 25, 1931.

*Fancher, Paty & Warwick,* for Appellant;

*Winters, Foskett & Wilcox,* and *Robert L. Earnest,* for *Appellees.*

TERRELL, J.—January 5, 1926, Appellees, R. L. Ray and Mae Ray, executed to J. P. Brown two promissory notes in the sum of three thousand dollars each due one and two years from date. The said notes were secured by a mortgage of the same date executed in favor of J. P. Brown.

February 6, 1926, Brown assigned the junior note (the note due two years from date of execution) and the mort-

gage to Miami Oil Company and on March 5, 1926, he (Brown) assigned the senior note (the note due one year from date of execution) to Florida Discount Corporation. It is agreed by the parties hereto that both assignments were made prior to maturity and carried the mortgage securing the notes with them.

May 12, 1927, Florida Discount Corporation, the holder of the senior note brought its suit to foreclose the mortgage making Miami Oil Company a party defendant. July 4, 1927, Miami Oil Company, the holder of the junior note, filed its answer to the bill to foreclose and on the same date filed its cross bill in which it set up an alleged superior claim and equity in and to the mortgage securing the said notes and the lands described therein. A general demurrer on the part of Florida Discount Corporation to the cross bill of Miami Oil Company was sustained and this appeal was taken from that decree.

The sole question brought here for adjudication is whether or not the Miami Oil Company as the holder of the junior note has a right to have its note satisfied from the proceeds of the mortgage prior to the satisfaction of the senior note held by Florida Discount Corporation.

The answer to this question involves the law of priority of payment between assigness of different notes of a series secured by the same mortgage. It is admitted by Appellant and Appellees that the courts of this country have prescribed three rules under which the priority between assignees of different notes secured by the same mortgage may fall; viz, (1) Pro rata rule, (2) Early maturity rule, and (3) Prior assignment rule. It is also admitted that the early maturity rule is the prevailing rule throughout the country and that this Court has approved that rule. Wilson vs. Hayward, 6 Fla. 171; Polk County National Bank vs. Darrah, 52 Fla. 581, 42 So. 323; Kissimmee Everglades Land Company vs. Carr, 88 Fla. 387, 102 So. 335; McClure vs. Century Estates, 96 Fla. 568, 119 So. 146.

If the early maturity rule is to be followed in this State without variation then the judgment below should be affirmed but Appellant contends that by reason of the fact that the junior note was assigned to it first and that its assignment was on record when the senior note was assigned to Appellee, Florida Discount Corporation, it (Appellant) has a superior claim or equity and is entitled to priority of payment of its note from the proceeds of the mortgage.

In McClure vs. Century Estates, supra, we held that when a series of notes are secured by a mortgage, such notes, in foreclosure proceedings in equity, will not be paid in the order of their maturity, if equitable considerations require a different order of payment.

In Pom. Eq. Jur. 4 Edition, par. 1203 it is stated that where the mortgagor assigns one or more of the notes, and retains the remainder of the series, it is generally held that the assignee is entitled to a priority of lien as against the mortgagor, with respect to the note or notes so transferred; and this rule operates without regard to the order in which the notes held by the two parties mature.

This rule may not control as between assignees. As between assignees the law is that if all the notes are payable at the same time the equities of the assignees are equal and there is no priority among them in enforcing the security of the mortgage. If the proceeds of the mortgage will not pay all the notes it will be prorated among the note holders. When the notes are payable at different dates and assigned by the mortgagor to different persons, at the same or different dates, with or without an accompanying assignment of the mortgage, the assignment of each note is a pro tanto assignment of the mortgage and the holders of the successive notes are regarded as being exactly in the situation of holders of successive mortgages upon the same land. Their equities as among themselves, and their rights to enforce the security of the mortgage are not equal and they are entitled to priority in the mortgage security of their respec-

tive notes according to the order of time in which such notes become due and payable. The order of maturing among the notes fixes the order of preference and priority among the respective assignees. Pom. Eq. Jur. Vol. 3 (4 Ed.) par. 1201, page 2868.

The operation of this general rule may however be changed or controlled by express provisions contained in the mortgage and such provisions will be valid as to parties chargeable with knowledge thereof. Savings Deposit Bank vs. Ellingson, 27 N. D. 516, 156 N. W. 906; Zimmerman vs. Raup, 162 Pa. 112, 29 Atl. 352; Solberg vs. Wright, 23 Minn. 224, 22 N. W. 381; Preston vs. Morsman, 75 Neb. 358, 106 N. W. 320; Roberts vs. Mansfield, 32 Ga. 228; Walker vs. Dement, 42 Ill. 272; Anglo-American Land, Mortgage, and Agency Company vs. Bush, 84 Ia. 272, 50 N. W. 1063. Pom. Eq. Jur. Vol. 3 (4 Ed.) par. 1201, page 2866.

In the case at bar, the mortgage nor the assignment contain any provision that would in terms vary the general rule as here announced but the assignment to Florida Discount Corporation shows on its face that the senior note brought its full face value, that the assignment of the junior note and the Mortgage to Miami Oil Company was on record when the assignment of the senior note to Florida Discount Corporation was executed, and that by reason of the recording statute of this State (Section 3841 Revised General Statutes of 1920, Section 5744 Compiled General Laws of 1927) The Florida Discount Corporation was on notice of the assignment to Miami Oil Company.

Under this state of facts, the assignor to Florida Discount Corporation who was the mortgagee, could not under the rule as above announced have the senior note paid prior to payment of the junior note if the proceeds of the sale of the property secured by the mortgage be insufficient to pay both notes and since the assignment to Miami Oil Company was on record the Florida Discount Corporation stepped in-

to the shoes of its assignor or the mortgagee and is bound by the same rule. This holding comports with the rule as here quoted from Pomeroy applicable to the mortgagor who assigned one or more notes of a series and retains the others.

We therefore conclude that the endorsement and prior assignment of the junior note to Miami Oil Company and the recordation of such assignment prior to the assignment of the senior note to Florida Discount Corporation had the effect of releasing the said notes from the effect of the general rule as enunciated in this opinion and that such transaction created a peculiar equity in the holder of the junior note which entitled it to priority of payment from the proceeds of the mortgage.

It follows that the decree below must be and is hereby reversed.

Reversed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.