MARYLAND CASUALTY COMPANY, a corporation, etc., *Appellant*, v. A. VERNON ORR, et al., *Appellees*.

147 So. 271

Opinion filed March 21, 1933.

Supplemental opinion filed April 14, 1933.

*P. L. Gaskins, J. Henry Taylor* and *John F. Hall,* for Appellant;

*McCune, Hiaasen & Fleming,* for Appellees.

BUFORD, J.—Suit was filed by the appellant to foreclose a mortgage securing the payment of 3 promissory notes, one of which, it was alleged, had been paid. The mortgage and notes were made by A. Vernon Orr and wife to Fort Lauderdale Bond & Mortgage Company. The Fort Lauderdale Bond & Mortgage Company endorsed and assigned the notes and mortgage to Security Bond & Mortgage Company. Security Bond & Mortgage Company endorsed and assigned the notes and mortgage to Maryland Trust Company and

Roberts & Griswold, as Trustees, and such Trustees endorsed and assigned the mortgage and two of the notes to the appellant. While the Trustees held the three notes they presented the first note for payment to the maker. The note was dishonored and was thereupon paid by Security Bond & Trust Company under its endorsement. Security Bond & Mortgage company then endorsed this first note of the series without recourse to Fort Lauderdale Bank & Trust Company.

The question presented to us in this appeal is, first: whether the note held by Fort Lauderdale Bank & Trust Company was discharged by payment and if not, then whether or not it takes priority as to the security of the mortgage over the other two notes held by the last named endorsee.

When this note was paid by Security Bond & Mortgage Company that company became entitled to proceed against its prior endorser for the amount thereof and to this extent the note was not discharged by such payment.

Ordinarily, and as a general rule, a note being the first of a series to mature would take priority over later maturing notes of the same series. Miami Oil Co. v. Fla. Discount Corporation, et al., 102 Fla. 209, 135 Sou. 845.

There are exceptions to this rule, however, some of which are noted in the opinion just referred to. In that opinion it is said: "When a series of notes are secured by a mortgage, such notes in foreclosure proceedings in equity will not be paid in the order of their maturity if equitable consideration require a different order of payment." Here Fort Lauderdale Bank & Trust Company, which is represented in this suit by a liquidator appointed by the Comptroller, acquired the note after maturity and, therefore, only succeeded to such rights as were enforceable by its endorser,

Security Bond & Mortgage Company. The rights of Security Bond & Mortgage Company must be measured according to its conduct and connection with this transaction. It endorsed and assigned the notes and mortgage for value and by its endorsement became bound secondarily for the payment of the entire obligation. It assigned the mortgage to secure the payment of the entire obligation. When it, because of its obligation by endorsement, paid the first note it would be unconscionable, to say nothing of being inequitable, to hold that by the payment of its obligation it acquired the right to priority in the security which it had passed on to its endorsee. By paying this obligation it acquired the right to look to the security originally pledged subject, however, to the rights of its endorsee and successors by endorsement created by its former endorsement and assignment of the entire obligation.

Therefore, this note, although first in maturity, was relegated to a position as to priority junior to that of the later maturing notes of the same series. The same rules of law which are enunciated in the opinion of Miami Oil Co. v. Fla. Discount Corporation, *supra,* as applicable there are also applicable here.

It becomes immaterial whether the note was purchased by Security Bond & Mortgage Company or was paid by Security Bond & Mortgage Company. The Security Bond & Mortgage Company, being a prior endorser of the notes and assignor of the mortgage, could claim or have no greater rights under one theory than under the other. By the endorsement this endorser guaranteed the payment of the notes and a purchase of one of the notes would amount to no more than a payment of that note with the right, in either event, to look to prior endorsers for payment and to look

to the security subject to the rights which had passed from it under its prior endorsement.

The decree of the chancellor is without error, except as to the matter of priorities.

The decree adjudicated that the lien created by the mortgage accruing to the Respondent, Duncan, as Liquidator for Fort Lauderdale Bank & Trust Company, is superior in dignity and prior in right, title, lien, claim or interest to that of the complainant in the court below, Maryland Casualty Company. In this regard the decree should be modified so as to adjudicate the lien of Maryland Casualty Company, a corporation, to be superior to that of all other parties to the suit, and, when so modified, the decree will stand affirmed. The costs of this appeal should be taxed against the appellees. It is so ordered.

Affirmed, with directions to modify.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.

Supplement to Opinion filed March 21, 1933.

PER CURIAM.—It appearing to the Court that the last paragraph of the opinion above referred to does not make it as clear as might be the extent to which the opinion of the Chancellor should be modified, we now say and hold that such decree should be modified so as to declare the superior lien to be in favor of Maryland Casualty Company, a corporation, for the enforcement of the payment of the entire sums due it, including principal, interest, solictor's fees and costs.

It is so ordered.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.