FARR et al. v. HARTLEY et al.

No. 5966.   Decided July 26, 1938.   (81 P. 2d 640.)

*Stuart P. Dobbs,* of Ogden, for appellants.

*J. E. Evans,* of Ogden, for respondents.

FOLLAND, Chief Justice.

This case involves the question of priority between respective owners of notes in a participating mortgage. The case is here on the judgment roll.

Defendants Hartley borrowed money from the Ogden State Bank and gave in return five notes in the sums of $1,500, $1,500, $2,000, $2,000, and $6,000 each, and executed one mortgage in the total sum of $13,000 to secure the payment of the series of notes. The Trust Department of

the Bank held trust funds belonging to George Lochhead, John Farr, Hulda Holmes, Fred McNutt, and Orpha C. Lindstrom. Without notice to or consent of these persons, the Bank purchased from itself the five Hartley notes with funds belonging to the cestuis que trustent. The Bank became insolvent and was taken over for liquidation by the State Bank Commissioner. Plaintiffs Farr and Lochhead, on failure of the Bank and notice that their money had been invested in the Hartley notes secured by the participating mortgage, accepted from the Bank Commissioner an assignment of their respective notes and a proportionate participating interest in the mortgage. The Bank Commissioner purchased from the other three cestuis que trustent the remaining notes which were being held by the Bank in trust for them, together with their participating interest in the mortgage. Farr and Lochhead brought suit to foreclose the mortgage, alleging the other interests in the mortgage held by the Bank Commissioner to be junior and subordinate to the rights of plaintiffs.

Among other things the court found:

"5. That after the closing of said Ogden State Bank on August 31, 1931, and after its assets and affairs had been taken over by the State Bank Commissioner, said Commissioner, acting by and through the defendant T. E. Thomas, as special liquidating agent, transferred and delivered to the plaintiffs, by appropriate endorsement, the two promissory notes which had theretofore been transferred to their respective trusts * * * *together with a proportional assignment in said mortgage* securing payment thereof. * * *

"6. That said defendant Bank Commissioner, subsequent to the closing of said Bank, *purchased* from the other three of the trustors in said trusts * * * those certain notes for $6,000.00, $1,500.00 and $2,000.00 respectively above referred to as having been theretofore transferred to the trusts of said three parties, and ever since has been and now is the owner and holder thereof in the liquidation of said Bank." (Italics added.)

The court, in its conclusions of law, held:

"4. That the proceeds of sale of the mortgaged premises should be applied first in satisfaction of plaintiffs' judgment, the excess, if any,

to be applied in satisfaction of the judgment of said defendants Ogden State Bank, State Bank Commissioner and Liquidating Agent, and thereafter any proceeds left shall be paid to the defendants Hartley."

A decree of foreclosure was accordingly awarded, giving to respondents a prior claim for the amounts due them upon their notes. Appeal is taken from that portion of the decree of foreclosure which gives Lochhead and Farr priority over the Bank Commissioner.

The conduct of the Bank in transferring to itself as trustee for the five trusts enumerated the various notes here involved was ratified by two of the five cestuis que trustent, respondents herein, by accepting the notes together with a "proportional assignment" in the mortgage securing payment thereof. The other three cestuis que trustent, McNutt Holmes and Lindstrom, did not take an assignment of the other notes, but the court found that the Bank Commissioner through its agent "purchased" their participating interests in the mortgage. We are therefore confronted with the problem of determining the legal consequences of the above transactions between the Bank and respondents.

The conduct of respondents in accepting their notes and taking an assignment of their "proportional" interest in the mortgage was a complete ratification of the prior acts of the Bank and exonerated it from any liability which might have arisen because of its "self-dealing." *Miller* v. *Chatsworth Savings Bank,* 203 Iowa 411, 212 N. W. 722; *City Nat'l Bank* v. *McGraw,* 191 Ark. 927, 88 S. W. 2d 846; Michie on Banks and Banking, Vol. 6, page 293. The lower court found that the Bank Commissioner, through its agent, "delivered to the plaintiffs, by appropriate endorsement the two promissory notes which had theretofore been transferred to their respective trusts." The effect of this transfer was to terminate the trust relationship which had previously existed. The Bank no longer held property in trust for respondents. The notes had been endorsed and delivered by the Bank and accepted by respondents. The transfer was in the nature of an assignment. The Bank, as

assignor, assigned to respondents Farr and Lochhead, assignees, the two notes together with a "proportional" participating interest in the mortgage. True, the Bank retained the mortgage itself, but this did not affect the status of the parties with regard to the notes. The mortgage was security for the payment of all the notes and was retained by the Bank, as mortgagee, for the benefit of all the noteholders, each one having a participating interest therein by virtue of the note which he held.

We are therefore not concerned here with any trust relationship but with the rights of an assignor, who is the original mortgagee, as against his assignees to participate in a mortgage securing several notes, some of which are held by the mortgagee Bank and others which have been assigned by it to private individuals.

We cannot tell from reading the judgment roll whether the Bank Commissioner, subsequent to the closing of the bank, "purchased" the other three notes from McNutt, Holmes and Lindstrom before or after it made the assignment to respondents herein. However, this does not seem important for a determination of this case. Whether the Bank became the owner of the notes which it had transferred to the trusts belonging to McNutt, Holmes and Lindstrom before or after it assigned the other two notes to Farr and Lochhead is not material here. In either event the relationship between the Bank and respondents is the same so far as any issue herein is concerned.

The problem for solution may then be stated as follows: Where a Bank, owning several notes secured by a single mortgage, assigns two of the notes, together with a "proportional" participating interest in the mortgage, to two separate individuals, can the Bank participate in the proceeds of a mortgage foreclosure equally with the two assignees, where the proceeds of the foreclosure sale are not sufficient to pay the entire indebtedness due on all the notes? Respondents contend that they have a priority over the Bank for the payment of the two notes, and the lower court up-

held their contention. In support of this contention they have cited us the note in 50 A. L. R. 543, 564. There the writer discusses the various decisions involving similar problems and quotes the general rule with respect to the priority of notes of a series secured by the same mortgage, assigned by the mortgagee, as against those retained by him, from Pomeroy's Equity Jurisprudence, Vol. 3, Sec. 1203, as follows:

> " 'When the mortgagee assigns one or more of the notes, and retains the remainder of the series, it is generally held that the assignee is entitled to priority of lien as against the mortgagee, with respect to the note or notes so transferred; and this rule operates without regard to the order in which the notes held by the two parties mature.' "

Following this quotation, the writer cites a number of cases upholding that doctrine from Alabama, Illinois, Indiana, Louisiana, Massachusetts, Nebraska, Mississippi, and Ohio. It is conceded, however, that there are cases holding to the contrary that a mortgagee is not precluded, by virtue of an assignment of one of several notes held by him secured by the same mortgage from sharing equally with his assignee in the proceeds of the mortgaged property. Cases supporting that view are cited from Iowa, Maine, Maryland, Michigan, and even Mississippi where the contrary view is supposed to prevail. Two recent cases upholding the latter view are *Miami Oil Co.* v. *Florida Discount Corporation*, 102 Fla. 209, 135 So. 845, and *Title Guarantee & Trust Co.* v. *Mortgage Commission*, 273 N. Y. 415, 7 N. E. 2d 841. Respondents urge us to accept the view quoted from Pomeroy's Equity Jurisprudence, to the effect that the assignee has priority over the mortgagee, arguing that it is not only the "majority" rule but also that it is supported by the better reasoning. But under the circumstances of this case, we do not deem it necessary to adopt either view. Regardless of which rule the courts have followed with respect to priority between a mortgagee and assignee, they have restricted the application of the rule to those situations where there has been nothing to indicate the intention of the parties them-

selves as to which, if either, should have priority. *Title Guarantee & Trust Co.* v. *Mortgage Commission, supra.* In the case of *Domeyer* v. *O'Connell,* 364 Ill. 467, 4 N. E. 2d 830, 832, 108 A. L. R. 476, reversing 278 Ill. App. 631, the Illinois Supreme Court said:

"The only question in the case is whether mortgage notes assigned by the mortgagee take priority over those still retained by him in case of insufficient proceeds from the sale of the mortgaged property. All authorities agree that the order in which notes secured by one mortgage shall be paid out of insufficient proceeds from the security is primarily a matter of contract, made either at the time of the execution of the mortgage between the mortgagor and mortgagee or at the time of assignment of the notes between the mortgagee and assignee, but as to what order the law shall adopt as the implied agreement of the parties, and whether such agreement shall be implied where nothing appears either in the mortgage or the contract of assignment, or whether there exists an equity in favor of assigned notes notwithstanding no agreement therefor, there is much conflict of authority."

In the present case the trial court found that respondents took an assignment of a "proportional" participating interest in the mortgage. The case being here on judgment roll, we are bound by the court's findings. The logical conclusion to be drawn from the above finding is that the parties agreed at the time of the assignment of the notes that there would be no priority of payment out of the security. A "proportional" interest in a mortgage would give only that interest in the security which would entitle the holder of the note to participate equally with other noteholders, including the mortgagee bank. In the event that the security was insufficient to pay the entire indebtedness, then it was intended that no noteholder would have priority over another. Respondents urge that even though they took only a proportional participating interest in the mortgage, they did so only as against each other and as against other "assignee noteholders"; that it was never intended that the mortgagee bank should share equally with them in the security; and the "proportional" interest which they took in

the mortgage did not apply as between them and the Bank. There is not anything in the record to support this argument. There is not anything which indicates an intention on the part of the Bank to give the assignees of the notes any more than a pro rata interest with other note-holders, whether the Bank or some other private individual. Indeed, the finding of the trial court was not restrictive in any way. It merely stated that respondents obtained a "proportional assignment in said mortgage." We cannot see how such an interest could be said to apply only as between assignee note-holders and not as between the Bank itself and its assignees, in the absence of an express provision to that effect. Respondents accepted the finding as made by the trial court, and therefore cannot inject anything into it which does not logically follow therefrom. The only legal inference which can be made from the finding of fact is that the parties agreed that there would be no priority of payment out of the mortgaged property in case of foreclosure. Where such an agreement exists, whether express or implied, a mortgagee is entitled to share pro rata with assignee noteholders in the proceeds of the property securing the notes where such proceeds are insufficient to pay the entire amount due. *Domeyer* v. *O'Connell*, supra; *Miami Oil Co.* v. *Florida Discount Corporation*, supra; *In re Title & Mortgage Guaranty Co. of Sullivan County*, 275 N. Y. 347, 357, 9 N. E. 2d 957, 115 A. L. R. 35; Note in 50 A. L. R. 543, 567.

It therefore follows that the court erred in decreeing priority to respondents to the extent of the amounts due them on their notes. The judgment is reversed and the cause remanded to the District Court of Weber County for further proceedings consistent with the views expressed herein. Costs to appellants.

HANSON, MOFFAT, WOLFE, and LARSON, JJ., concur.