Island Holding Company of Florida v. Hayden Johnson, of Washington, D. C., and National Savings & Trust Company, as Trustees under the Will of Jeannette I. Cummings, deceased, *et al.*

189 So. 389
Opinion Filed May 23, 1939
Rehearing Denied June 15, 1939

*Thomas H. Anderson,* for Appellant;

*Hudson & Cason,* for Appellees.

Terrell, C. J.—Jeannette I. Cummings sold certain lands in Dade County to Coral Gables Securities Corporation. As payment, she took eleven negotiable notes numbered consecutively payable in three months, six months, one year, and two years from date of the sale, the said notes being secured by a mortgage describing the lands sold. The vendor endorsed notes ten and eleven to Pepper and Potter without recourse with the understanding that they would be subordinate to the notes held by her. Pepper

and Coffrin, Inc., acquired note ten and Island Holding Company acquired note eleven by endorsement and delivery.

Island Holding Company brought this suit to foreclose the mortgage as to note eleven against the trustees of Mrs. Cummings' estate naming all others claiming an interest in the lands as parties defendant. Priority of payment was claimed over other note holders by reason of the manner in which Island Holding Company acquired note eleven. The trustees of Mrs. Cummings' estate answered the bill of complaint and alleged that when the notes were endorsed to Pepper and Potter and the complainant, it was agreed that the note of Island Holding Company would be subordinate to the notes of Mrs. Cummings. A motion to strike this part of the answer was granted and the instant appeal was prosecuted from that decree.

The question with which we are confronted is whether or not the note of Island Holding Company is superior to and entitled to prior payment from, or should it be placed on an equality with and participate alike with the notes held by Mrs. Cummings' estate in the proceeds of the foreclosure.

The Chancellor held in effect that all the notes should participate equally in the proceeds of the foreclosure. The appellant contends that this holding was erroneous because it paid full value for note eleven and that it should not now be required to come in competition with the other notes and accept a reduced amount for its note.

The law is settled in this State that the holders of secured notes may not share equally in a foreclosure sale but they participate in the order in which the notes mature, the order of their transference or in the event some are transferred and others are retained, then the person to whom a note or notes is transferred must be paid first

regardless of maturity. Wilson and Herr v. Hayward, 6 Fla. 171; Kissimmee Everglades Land Co. v. Carr, 88 Fla. 287, 102 So. 335; McClure v. Century Estates, Inc., 96 Fla. 568, 120 So. 4; Miami Oil Co. v. Florida Discount Corp., 102 Fla. 209, 135 So. 845.

Appellees do not challenge the correctness of this rule but they say that when Mrs. Cummings assigned notes ten and eleven to Pepper and Potter, it was agreed by the latter that said notes were for commission for making the sale to Coral Gables Securities Corporation and would be inferior in dignity to the other notes held by Mrs. Cummings. In view of such agreement, it is contended that equitable considerations would require that all the notes share equally in the proceeds of the foreclosure.

It is not disputed that note eleven was assigned by Mrs. Cummings to Pepper and Potter without recourse and after several other assignments in like manner, came into the hands of Appellant but it is not alleged that appellant or the other assignees had knowledge of its inferior dignity to other notes. If Appellant had had knowledge of the note's inferior dignity when it was purchased, there might be substance to Appellees' contention but there being no showing of such knowledge, the contention is without merit.

This being our view, the equity contended for by appellees is without support so the rule announced in the cases cited and relied on by appellant must rule. The judgment is accordingly reversed.

Reversed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.