JAMES DONN and SAMUEL B. SHARPE, v. LENORA PEEBLES, a married woman, joined by her husband and next friend, GUY PEEBLES and GUY PEEBLES, individually.

5 So. (2nd) 876  Special Division A
February 3, 1942  Rehearing Denied February 19, 1942

428

Morehead & Pallot, for appellants.
Hendricks & Hendricks, for appellees.

ADAMS, J.:

This is an appeal from a final decree in foreclosure. The question presented is that of priorities between the holders of notes secured by a mortgage.

The master's findings which were supported by the final decree were in substance that appellant, a real estate broker, negotiated a sale of property from one Peebles to Owens. The sale was to be for $5000.00; $2000.00 cash and remainder in 1, 2 and 3 years. When closing time approached, Owens was unable to pay more than $1000.00 and to make the sale appellant agreed to advance the other thousand. To evidence and secure such advance Owens made four $1000.00 notes; two payable one year from date and the remaining two in two and three years. All four notes were secured by the mortgage in suit. Peebles then endorsed to appellant one of the first maturing notes without recourse. The master found from oral testimony that the intention of the interested parties was for Peebles to have the $2000.00 cash payment. The master concluded that appellant's note was inferior to all of Peebles.

The prevailing rule in this jurisdiction is stated in Island Holding Co. v. Johnson, et al., 138 Fla. 294, 189 So. 389:

"The law is settled in this State that the holders of secured notes may not share equally in a foreclosure sale but they participate in the order in which the notes mature, the order of their transference or in the event some are transferred and others are retained, then the person to whom a note or notes is transferred must be paid first regardless of maturity."

By virtue of this rule appellants claim error in the decree. The application of this rule is subject to equitable consideration, which may in some instances be shown by parol testimony. McClure v. Century Estates, Inc., et al., 96 Fla. 568, 120 So. 4.

Imputing the verity to the master's findings, supported by the lower court as required by law, we cannot say there was reversible error.

The decree is affirmed.

BROWN, C. J., TERRELL and BUFORD, JJ., concur.