PER CURIAM.
The facts of this complex litigation need not be stated for purposes of disposing of this appeal. The only issue which merits discussion pertains to the priorities between Robert R. Frank and the Orange Blossom Group in the proceeds of the mortgage foreclosure. In this respect, we hold that the court below erred in holding that the interest of Robert R. Frank in the mortgages securing the payment to him of $32,000 was subordinate to the interests of the other mortgagees.
The settlement agreement entered into on October 3, 1972, between all of the parties reflects an intent to give Frank security under the mortgages equal in dignity to the other mortgagees and renders the authorities cited by the Orange Blossom Group inapplicable to this case. Cf. Kissimmee Everglades Land Co. v. Carr, 1924, 88 Fla. 387, 102 So. 335. Our holding does not affect any payments previously made to the Orange Blossom Group because there was nothing to prevent the mortgagor from making payments on whichever promissory note it pleased.
The judgment is affirmed in all respects, except that Frank shall be entitled to share in the proceeds of the mortgage foreclosure on a pro rata basis with the other mortgagees.
McNULTY, C. J., and GRIMES and SCHEB, JJ., concur.