PEARSON, Judge.
The plaintiff-appellant was the contract purchaser, and the defendant-appellee, W. Y. Ke, was the contract seller of real property. The appellant brought this action to recover his purchase deposit alleging that he was entitled to recovery because the title to the property was not “good, marketable and insurable”. A trial before the court without jury was conducted resulting in the entry of final judgment for the defendants. Subsequently, upon the plaintiff’s motion for rehearing, the trial court entered its order amending final judgment which found as follows:
“1. This cause came on to be heard by Stipulation of counsel for Plaintiff and Defendant, W. Y. Ke, on written briefs submitted by them.
“2. The Court finds from the briefs that the Plaintiff and the Defendant, W. Y. Ke, entered into a written agreement for the purchase of the Defendant Ke’s real property wherein the Defendant, Ke, agreed to provide the Plaintiff with good, marketable and insurable title of record. The Defendant Ke’s property consisted of certain lots in a platted subdivision known as Coral Gables Riviera Section Two. The underlying acreage, prior to any platting, was encumbered by a mortgage ultimately assigned to Kent Corporation. After the mortgage was recorded, the property was platted as Coral Gables Riviera Section Part 2, Plat Book 20, at Page 59 of the Public Records of Dade County, Florida. The plat showed several areas with the designation ‘PARK’ written on it, but with no dedication of the park areas as parks shown on the plat. Approximately four months after the plat was recorded, the dedication was recorded by a corporation which at that time owned all of the platted property. This instrument dedicated the streets to the public but specifically reserved to the said corporation the right to use the park for its own purposes and to dispose of it as it desired. The property was then replatted as Revised Plat of Coral Gables Riviera Section, Part 2, in Plat Book 28, at Page 23, of the Public Records of Dade County, Florida. This replat also showed the same areas with the word ‘PARK’ written on it, again with no dedication of the park areas as parks shown on the replat. A portion of Defendant Ke’s property is in a part of one of the areas shown as ‘PARK’ on both plats.
“The Court further finds that the mortgage was subsequently foreclosed by Kent Corporation describing the property by its acreage description. Foreclosure excepted certain lots which had been released by the platted description. Kent Corporation then conveyed the property out using the platted legal description and the property has continued to be conveyed by similar legal descriptions.
“The City of Coral Gables, after the foreclosure, quitclaimed- all of its interest which it might have between the lot lines and the waterway which would include the ‘PARK’ areas to the adjacent property owners who obtained permits and erected buildings thereon.
“Plaintiff takes the position that the other lot owners had rights in the park area of Defendant Ke’s property which were never eliminated and Defendant takes the position that under the facts and circumstances, the private parties in the subdivision had acquired no rights in that part of the park area in which Defendant Ke’s property was located. If the private parties had acquired rights, both parties concede that the title would not be good, marketable and insurable.”
“The Court further finds that the Ke park area had never been used as a park and that the private owners in the subdivision had acquired no interest in the park area of the Ke property since they could not require the City of Coral Gables to build and maintain the area as a park, the city having abandoned the public’s interest in the park area . . .
*6 * * * * * *
The appellant presents a single point on appeal:
“Where the chain of title to lots in a platted subdivision is by deeds making specific reference to the recorded plat, which plat shows an area designated as a park, do such parties acquire private rights in the park even though such area may never have been used as a park?”
The appellant relies for reversal upon the proposition, supported by Florida case law, that a grantee to whom a conveyance is made by reference to a plat acquires a private right, or easement, in a park designated on the plat. See Florida East Coast Ry. Co. v. Worley, 49 Fla. 297, 38 So. 618 (1905); City of Miami v. Florida East Coast Ry. Co., 79 Fla. 539, 84 So. 726 (1920); Boothby v. Gulf Properties of Alabama, Inc., Fla.1948, 40 So.2d 117; Annot, 7 A.L.R.2d 607, 650-651.
The appellees have not filed a brief as was their burden. See Chamberlain v. Lesley, 39 Fla. 452, 22 So. 736 (1897).
The only evidence before the trial court upon the issue of whether appellee Ke’s title to the real property was insurable was two affidavits and an attached opinion of the appellant’s title examiner. However, this evidence conclusively determined that the title was not insurable. Cf. Kehl v. Miami Title & Abstract Co., 143 Fla. 9, 196 So. 610 (1940). The appellant’s title examiner found that the portion of the property designated “PARK” was subject to “Private and Public Rights of all parties in interest in Revised Plat . . .”. The appellee Ke countered with an affidavit of her attorney of record that the title was insurable because “ . . . there is a Quit Claim deed . . . deeding the portions of the park to the adjoining property owners by the City of Coral Gables . ”. In our opinion, this latter affidavit is insufficient as an evidentiary basis for the trial court’s holding that the title was “good, marketable and insurable”. We conclude that the trial court was incorrect in holding as a matter of law that the quitclaim deed from the City of Coral Gables eliminated all possible claims by other lot owners to the use of the area designated “PARK”. We recently held in a zoning case that resident owners had such a claim to a “village green” area. See Jemco Mastercraft Homes, Inc. v. Metropolitan Dade County, Fla.App.1972, 267 So.2d 873.
Therefore, we hold that the judgment for the appellees is unsupported by competent evidence, and that the appellant’s proof that the title is uninsurable remains unrefuted. Accordingly, the judgment is reversed and the cause is remanded with directions to enter a judgment for the plaintiff.
Reversed and remanded.